(Pleito No. 184.—Fallado el 2 de Abril de 1902.)

## Toro contra Berenger.

Recurso contra sentencia dictada por la Corte de Distrito de Mayagüez.

Errores de hecho y de derecho.   Sólo puede estimarse en su caso el error de derecho en la apreciación de las pruebas, cuando el tribunal sentenciador prescinda para hacerla de elementos ó medios reconocidos y sancionados por una ley, y el error de hecho, cuando es mal interpretado ó entendido un documento ó acto auténtico, sin perjuicio del resultado que ofrezca el conjunto de toda la prueba.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á dos de Abril de mil novecientos dos, en el pleito seguido en la Corte de Distrito de Mayagüez por Don Alberto del Toro y Torres, agricultor, vecino de Cabo Rojo, con Don Sergio Berenger, Recaudador de contribuciones de dicho ya citado pueblo, sobre indemnización de daños y perjuicios, pendiente ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por el mencionado Sr. Toro, bajo la dirección y representación del Letrado Don Herminio Díaz Navarro, estándolo á su vez el demandado y parte recurrida Sr. Berenger por el Letrado Don Antonio Alvarez Nava. —Primero.—Resultando: Que el Abogado Don Antonio Manrique, á nombre y en representación de Don Alberto Toro y Torres, en escrito fecha treinta de Junio del año mil novecientos, promovió demanda declarativa contra Don Sergio Berenger en reclamación de daños y perjuicios, la cual fundó en los siguientes hechos:—1º Que en veinte y uno de Noviembre del año anterior se notificó á su representado una disposición del Secretario Civil por la cual se le ordenaba el inmediato pago de cinco mil doscientos cuarenta y siete pesos, más los intereses desde el diez de Octubre de mil ochocientos ochenta y nueve hasta el treinta de Junio de mil ochocientos noventa y nueve.—2º Que en quince de Diciembre de dicho año dirigió su representado un escrito

al Gobernador Militar, negando el derecho á ese cobro en virtud de disposiciones vigentes.—3º Que en veinte y nueve del mismo Diciembre se le hizo una nueva notificación, concediéndole seis días para el solvento de los cinco mil doscientos cuarenta y siete pesos, más el siete por ciento de recargo.—4º Que en nueve de Enero se notificó nuevamente á su representado, cobrándole cinco mil cuatrocientos ochenta y seis pesos treinta y cinco centavos, según nueva liquidación y dando cuarenta y ocho horas para el pago, incluyendo el recargo y costas causadas y que se causaren.—5º Que en catorce de Enero trató el Recaudador Berenger de hacer embargo para el cobro del referido canon, lo que no efectuó por no haber en la salina producto alguno de sal, lo que hizo constar en el expediente, librando copia de la diligencia á la Secretaría Civil, por conducto de la Colecturía de Rentas.—6º Que en treinta de Enero se presentó nuevamente escrito al Gobernador Militar, sosteniendo el ningún derecho al cobro del canon.—7º Que en siete de Febrero, y sin orden alguna á ese fin, traba Berenger embargo sobre los salitrales y lagunas de la salina, y sus obras de elaboración y sobre una finca rústica de propiedad de su representado.—8º Que en catorce de Abril notificó Berenger á su representado, de otra resolución de la Secretaría por la que este Centro, por su propia y espontánea voluntad, deja sin efecto su anterior resolución de inmediato pago de toda la cantidad, ordenándole que solvente por anualidades venideras y entre ellas comprendida seiscientos ocho, correspondientes al diez de Octubre de mil ochocientos noventa y nueve, y que fué consignada en veinte y cuatro del mismo, mucho ántes de vencer el plazo señalado al efecto por el Reglamento de cobranza, no siendo bastante esa resolución para que Berenger levantase el embargo hecho.—9º Que el veinte de Abril, ó sea seis después de la antedicha notificación y previa liquidación de esas costas que supone el demandado le corresponden, sin la aprobación superior, en abierta oposición á la ley y atropellando intereses, traba embargo

sobre la sal existente y sobre la elaborada y extraída ya de las cristalizadoras, sal que se tenía vendida.—10º Que en veinte y cuatro de Abril, día en que se consignó la cantidad de seiscientos ocho, reclamada por la última disposición de la Secretaría Civil, hízosele también por aquel Centro el abusivo embargo efectuado por Berenger, siendo por ello dirigido un telegrama al Colector, dándole cuenta de la consignación, mandándose proceder en justicia.—11º Que en veinte y ocho de Abril, como consecuencia de nueva queja formulada descendió otro telegrama ratificando la consignación, todo lo que fué desatendido por Berenger.—12º Que en treinta de Abril, la Secretaría Civil ordenó á Berenger levantase inmediatamente el embargo de la sal y que remitiese el expediente para resolver, de todo lo que Berenger se burló.— 13º Que con fecha siete de Mayo aparece levantado el embargo de la salina y una finca rústica que había practicado el Recaudador el siete de Febrero, y de cuya diligencia practicada por un empleado de Berenger, sólo dejó una nota sin firmar.—14º Que en treinta y uno de Mayo levantó Berenger el embargo de la sal, hecho el veinte de Abril, cuya diligencia practicó en vista de la apremiante orden del Tesorero General.—15º Que en diez y nueve de Enero y nueve de Julio se practicaron gestiones en los Centros oficiales para obtener la declaratoria de competencia para estas reclamaciones, resolviéndose que era á los Tribunales donde tenía que acudirse.—16º Que por consecuencia de todos esos hechos su representado ha sufrido perjuicios y gastos que detalla y comprende la cuenta que acompaña, y suplica se declare con lugar la demanda, condenándose al demandado al pago de cuatro mil doscientos veinte y cuatro pesos, cincuenta y ocho centavos, moneda mejicana, en concepto de daños y perjuicios, acompañando los documentos á que se refieren los hechos expuestos.—Segundo. Resultando: Que admitida la demanda y conferido traslado de ella á los demandados, evacuó el trámite, interesando se absolviese de ella al demandado,

con las costas al actor, alegando los siguientes hechos: 1º .
Que negaba todos los de la demanda.—2º Que en veinte y
ocho de Octubre de mil ochocientos noventa y nueve el
Secretario Civil dirigió comunicación al Colector, orde-
nándole dispusiera lo conveniente para que Don Alberto
Toro, dueño de la salina "Caborrojeña," hiciera efectiva la
suma de cinco mil doscientos cuarenta y siete pesos que
adeudaba al Tesoro por canon de minas, con intereses
de demora.—3º Que el Colector dirigió con fecha quince
de Noviembre una comunicación al Recaudador de Cabo
Rojo, Don Sergio Berenger, remitiéndole copia de la referida
orden, para su notificación á Toro, y requerirle para que, en
el término de ocho días, se presentara en Colecturía á
satisfacer los débitos que se reclamaban, practicándose el
veinte y cinco la notificación y apercibimiento.—4º Que su
representado recibió con fecha veinte de Diciembre último,
otra comunicación de la Colecturía, para que procediera,
según orden de la Secretaría Civil, por la vía de apremio al
cobro de la contribución, y en virtud de dicha comunicación
Berenger notificó el día veinte y nueve del propio mes
al actor, sin que practicara embargo de bienes, según estaba
autorizado; pero como recibió en seis de Enero otra comuni-
cación del Colector para que procediera á la mayor brevedad
al embargo de bienes del demandante por la suma de cinco
mil cuatrocientos ochenta y seis pesos setenta y cinco
centavos, el nueve notificó Berenger á Toro, y el quince de
Enero intentó proceder al embargo, que tampoco llevó
á efecto, por no encontrar bienes muebles ni semovientes
que pertenecieran á Toro, y procedió á la busca de otros
bienes, dando lugar á Toro para que llegara resuelta una so-
licitud que tenía pendiente sobre condonación.—5º Que no
pudiendo aplazar Berenger á Toro por más tiempo el cum-
plimiento de lo que se le había ordenado, y en la necesidad
de cumplir su deber, el siete de Febrero procedió al embargo
que hacía un mes se había ordenado verificar.—6º Que
el doce de Abril el Colector comunicó á su representado la

resolución del Gobernador Militar de que Toro pagara los
cinco mil cuatrocientos setenta y dos pesos, ochenta centa-
vos, que adeudaba durante cinco años, pagando con el canon
de cada año dos años de los atrasados, con la obligación
de hacer efectivo desde luego el canon vencido en Octubre
de mil ochocientos noventa y nueve ascendente á seiscientos
ocho pesos.—7º  Que á virtud de esa concesión, y no
habiendo hecho efectivo el primer canon vencido, no podía
levantar el embargo que tenía practicado en bienes del
deudor, y procedió á verificar la liquidación de costas en el
expediente de apremio, requiriéndose al deudor Toro para
que dentro de tercero día abonara las costas que había origi-
nado, y como el día veinte no las había hecho efectivas,
le requirió de nuevo al pago, contestando Toro que no le
había sido posible satisfacerlo por carecer de metálico, hacién-
dose nuevo requerimiento para que presentase bienes mue-
bles ó semovientes, y como manifestara carecer de ellos, se
procedió al embargo de dos montones de sal, nombrándose
depositario al expresado Toro, que aceptó el cargo.—8º  Que
el mismo día el actor nombró tasador de la sal embargada al
perito Don Sebastián Pabón y el demandado á Don Ramón
Quiñones, quienes le dieron un valor de mil trescientos cua-
renta pesos.—9º  Que desde el treinta de Abril al siete de Mayo
su representado recibió comunicaciones referentes al apremio,
comunicándole había ingresado Toro en la Tesorería tres-
cientos sesenta y cuatro dollars, ochenta centavos, acredi-
tados al Colector de Mayagüez; otra de veinte y ocho de
Abril del Colector, transcribiéndole un telegrama de la
Secretaría Civil, manifestándole que Toro se quejaba de que
Berenger no levantaba el embargo, y se ordenaba al Colec-
tor procediera en justicia; y otra fecha treinta de Abril del
Secretario Civil, recibida en la Colecturía el seis de Mayo.—
10º  Que en vista de tales comunicaciones, el mismo día
siete de Mayo dispuso Berenger se levantase el embargo
sobre los bienes de Don Alberto del Toro y se manifestase á
la superioridad que la sal embargada posteriormente lo

había sido para el pago de las costas, suplicando se dejase subsistente el embargo hasta hacerse aquéllas efectivas, y el mismo día siete levantó el embargo practicado el siete de Febrero, para responder al pago de los cánones que entonces debía, y en su consecuencia se levantó el embargo sobre las salinas.—11? Que el treinta de Abril recibió Berenger la primera comunicación, fecha veinte y seis, en la que se le participaba que Toro había consignado en Secretaría trescientos sesenta y cuatro dollars, sin que se le ordenase levantar el embargo, y hasta el siete de Mayo no recibió orden de levantarlo, y en virtud de esa orden ese mismo día la cumplimentó levantando el primer embargo, pero no el segundo para hacer efectivas las costas del expediente.— 12? Que la resolución de la consulta y petición de Berenger, comunicada el veinte y ocho de Mayo á la Colecturía, no se trasmitió á Berenger hasta el treinta del mismo, y acatando y obedeciendo esa orden, acto seguido levantó el embargo al siguiente día treinta y uno.—13? Que se afirma en el hecho 7 de la demanda que Berenger trabó embargo en siete de Febrero sin orden alguna, lo cual no es cierto.— 14? Que no es cierto no se hubiera practicado liquidación de costas para proceder al embargo, pues cuando se practicó esa diligencia ya estaba hecha.—15? Que en veinte y cuatro de Junio se intentó el acto de conciliación en reclamación de cuatro mil doscientos veinte y cuatro dollars, cincuenta y ocho centavos, y pocos días antes lo había sido por igual concepto por mil ochocientos ochenta y cinco dollars.—Tercero. Resultando: Que señalado día para la proposición de prueba, se propusieron por las partes las que estimaron convenientes, practicándose por el actor la siguiente:—1? Los testigos Doña Dominga Caminero, Don Tomás Bryan y Don Heriberto García de Quevedo reconocen los recibos presentados por el actor, la primera, uno por treinta y ocho pesos á favor de Don Miguel J. del Toro, por diez y nueve días de hospedaje, desde el diez y siete de Abril al seis de Mayo, el segundo uno de treinta por consultas en el asunto con

el demandado, y el tercero uno de seiscientos setenta y cinco pesos por indemnización pagada á Don Tomás Vallo sobre cuatrocientas cincuenta fanegas de sal, declarando, además, este testigo, ó sea García de Quevedo, que como Agente de negocios en esta Capital, á nombre del actor concertó con Vallo la venta de cuatrocientas cincuenta fanegas de sal, que deberían ponerse á su disposición en Abril, no habiéndose podido cumplir á causa del embargo, y tuvo que pagar á Vallo una indemnización de seiscientos setenta y cinco pesos, sin perjuicio de haber renovado el contrato para Julio· —Los testigos Juan Rosa Montero, Juan del Carmen Montero y Cándido Rivera declaran que los montones de sal embargados por Berenger á Toro fueron los mismos que existían al alzarse el embargo, que tanto la sal embargada como la de las cristalizadoras sufrió una merma considerabilísima durante el tiempo que permaneció embargada, por efecto de las lluvias y otras causas atmosféricas; y los testigos Don Sebastián Pabón y Don Ramón Quiñones declaran que, atendido el trastorno que el embargo causó en las salinas, estiman en más de tres mil dollars los perjuicios que ha recibido su dueño á causa del embargo.—Cuarto. Resultando: Que como prueba trajo también el actor copia del expediente de apremio contra Don Alberto del Toro, del que aparece:—1º Comunicación fecha quince de Noviembre de mil ochocientos noventa y nueve, del Colector al Recaudador de Cabo Rojo, disponiendo por orden del Secretario Civil se notifique á Toro que dentro de ocho días satisfaga los débitos, apercibido de apremio.—2º Otra del Secretario Civil de veinte y cinco de Octubre, dirigida al Colector de Rentas de Mayagüez, disponiendo el cobro al actor de cinco mil doscientos cuarenta y siete pesos que adeudaba, más los intereses, notificándose esa resolución al interesado el veinte y uno de Noviembre; otra notificación de fecha veinte y nueve de Diciembre, requiriendo de pago á Toro, dentro de seis días; oficio del Colector de Mayagüez al Recaudador Berenger, fecha veinte de Diciembre de mil ochocientos

noventa y nueve, comunicándole que según orden de la Secretaría Civil podía proceder por la vía de apremio; otra fecha seis de Enero de mil novecientos, dirigida por dicho Colector al Recaudador demandado, indicándole proceda á la mayor brevedad al embargo de bienes de Toro; notificación hecha á Toro por el Recaudador el nueve de la anterior comunicación, recibida el ocho; diligencia negativa de embargo practicada el quince de Enero; diligencia de tres de Febrero, dando cuenta al Colector; diligencia de embargo practicada el siete de Febrero de mil novecientos; constancia de fecha once de Abril de haberse desestimado por el Secretario Civil la petición hecha por el actor sobre condonación de contribuciones; diligencia de liquidación de costas; requerimiento hecho á Toro el catorce de Abril; embargo practicado el veinte de Abril para hacer efectivas las costas; oficio del Secretario Civil de fecha veinte y seis de Abril del expresado año mil novecientos, comunicado al Recaudador el veinte y ocho, manifestándole haberse consignado en Tesorería por Don Alberto Toro trescientos setenta y cuatro dollars, ochenta centavos; telegrama del Secretario Civil al Colector de Mayagüez, de fecha veinte y ocho de Abril, disponiendo levantar el embargo, comunicado al Colector de Cabo Rojo; diligencia de fecha treinta, de haberse agregado la comunicación de fecha veinte y seis; comunicación fecha treinta de Abril disponiendo se levante el embargo, recibida el seis de Mayo, disponiendo el Recaudador levantar el embargo en cuanto á la sal, y suplicando quede subsistente el embargo por las costas; diligencia de siete de Mayo levantando el embargo para el cobro del canon; comunicación recibida por el Recaudador en treinta de Mayo, del Honorable Tesorero, escrita en inglés; providencia del mismo día, dictada por el Recaudador ordenando, en cumplimiento de la anterior, el levantamiento del embargo para el cobro de costas; diligencia de levantamiento de embargo de fecha treinta y uno de Mayo.—Quinto. Resultando: De la prueba del demandado que se trajo copia de

varias constancias del expediente á que se refiere el anterior resultando, é informó el Colector de Rentas que Don Sergio Berenger nunca se había extralimitado en el desempeño de su cargo de Recaudador, cumpliendo bien sus deberes, inclinándose más bien á una benévola tolerancia que no á un celo exagerado; que continúa en su cargo, el cual viene desempeñando hace un largo período de tiempo, sin que dicho Recaudador haya sufrido ningún apercibimiento.— —Sexto. Resultando: Que el Tribunal de Mayagüez dictó sentencia en ocho de Abril de mil novecientos uno, declarando sin lugar la demanda, y absolviendo al demandado con las costas al actor, se interpuso recurso de casación por infracción de ley, que fué admitido, elevándose el expediente á este Tribunal.—Séptimo. Resultando: Que el Letrado Don Herminio Díaz, á nombre del actor, formalizó el recurso, fundándolo en los motivos 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, y manifestando:— 1º Que en la sentencia recurrida se omite declarar probados los hechos que alega, que constan probados por las certificaciones traídas á los autos, incurriendo por ello en error de hecho en la apreciación de las pruebas.—2º Que por lo que arrojan esas certificaciones la Sala sentenciadora ha debido declarar probado que al no cumplir Berenger con órdenes de sus superiores, que sin discutirlas debió acatar, retardando días y más días al ejecutarlas, con pretexto de consultas que no cabían, dado lo terminante del mandato, incurrió, como empleado, en dolo, negligencia ó morosidad, cometiéndose por esto otro error de hecho.—3º Que ese error de hecho trae consigo el error de derecho en la propia apreciación de las pruebas con infracción del artículo 1,218 del Código Civil, que determina el valor probatorio de los documentos públicos, valor desconocido por la Sala sentenciadora al no aceptar como indiscutibles los hechos indicados.—4º Que en otro orden, resulta asimismo otro error de derecho en la apreciación de las pruebas con infracción del artículo 1,248 del Código Civil, toda vez que la Sala sentenciadora no ha

observado las reglas de la sana crítica, al apreciar las declaraciones prestadas por los testigos no tachados.—Que con esas declaraciones, lógicamente apreciadas, se ha comprobado la realidad del daño emergente y del lucro cesante que arroja la cuenta presentada y que causó á Toro la actitud de Berenger; y á pesar de todo la Sala sentenciadora declaró no probados esos extremos, limitándose á afirmar que si bien justificó Toro la inversión de algunas partidas de la referida cuenta, esos gastos fueron ocasionados por las gestiones que quiso hacer el demandante para obtener la condonación del débito y el alzamiento del embargo trabado por orden superior, que está patente en autos que Toro fué obligado á hacer aquellas gestiones para defenderse de la temeraria actitud de Berenger, y para que se le obligase á levantar un embargo que se negaba á dejar sin efecto, desacatando órdenes superiores.—5º Que con esos errores de hecho y de derecho en la apreciación de las pruebas, se han infringido los artículos 1,101 y 1,902 y párrafo 5º del 1,903 del Código Civil, pues habiéndose probado que por dolo ó negligencia ó morosidad el empleado Berenger causó á Toro los daños y perjuicios por éste reclamados, debió condenársele á que se los indemnice.—Octavo. Resultando: Que la representación de la parte recurrida, después de instruído del recurso, lo impugnó en el acto de la vista.—Visto: Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—1º Considerando: Que de conformidad con lo prescrito en el número 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, sólo puede estimarse en su caso el error de derecho en la apreciación de las pruebas, cuando el Tribunal sentenciador prescinde para hacerla de elementos ó medios reconocidos y sancionados por una ley, y el error de hecho cuando es mal interpretado ó entendido un documento ó acto auténtico, sin perjuicio del resultado que ofrezca el conjunto de toda la prueba.—2º Considerando: Que la Corte de Mayagüez no ha cometido ninguno de los errores que por este doble concepto se le atribuyen en los cuatro primeros motivos del recurso

interpuesto por la representación de Don Alberto del Toro, porque no ha desconocido la fuerza y eficacia que, según las leyes que se citan en estos motivos, tienen las certificaciones y declaraciones de testigos á que en los mismos se hace referencia, sino que, por el contrario, interpretándolas de modo recto y racional, deduce perfectamente que no se han justificado ni la existencia ni la cuantía de los daños y perjuicios que Toro reclama en su demanda, ni que haya habido acción ni omisión en el procedimiento de apremio, interviniendo, por parte de Berenger, culpa ó negligencia productoras de aquellos quebrantos.—3º Considerando: Que tampoco se han infringido los artículos del Código Civil 1,101, 1902 y párrafo 5º del 1903, á que se refiere el 5º y último motivo del recurso, porque ni Berenger de modo alguno ha contravenido el cumplimiento de sus obligaciones como Recaudador, ni incurrió en dolo, negligencia ó morosidad al ejercer sus funciones, sino que, por el contrario, consta de la documentación traída como prueba, que se ajustó en un todo á las órdenes recibidas, por cuyas razones el Tribunal apreció rectamente las disposiciones que se suponen infringidas.— Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto á nombre de Don Alberto del Toro, á quien condenamos en las costas; y líbrese á la Corte de Mayagüez la certificación correspondiente, con devolución de los autos que ha remitido.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José Mª Figueras.—J. H. MacLeary. —Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á dos de Abril de mil novecientos dos.—Antonio F. Castro, *Secretario*.